IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY C. EASTER, AK-1133, | ) |
| Plaintiff(s), | ) No. C 13-1581 CRB (PR) |
| vs. | ) ORDER OF DISMISSAL |
| NURSE PRUITT, et al., | ) |
| Defendant(s). | ) |

  Plaintiff, a State of California prisoner incarcerated at the Correctional Training Facility in Soledad, has filed a pro se complaint for damages under 42 U.S.C. § 1983 claiming "inexcusable and lengthy delay" in receiving medical care. Docket #1 at 3. Plaintiff has not exhausted California's prison administrative process, however.

  The Prison Litigation Reform Act of 1995 (PLRA) amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance

proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). Similarly, exhaustion is a prerequisite to all prisoner suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532. PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies. Woodford v. Ngo, 548 U.S. 81, 93 (2006).

The California Department of Corrections and Rehabilitation (CDCR) provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers. See id. § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must submit his complaint on CDCR Form 602 and proceed through several levels of appeal: (1) informal level grievance filed directly with any correctional staff member, (2) first formal level appeal filed with one of the institution's appeal coordinators, (3) second formal level appeal filed with the institution head or designee, and (4) third formal level appeal filed with the CDCR director or designee. Id. § 3084.5; Brodheim v. Cry, 584 F.3d 1262, 1264-65 (9th Cir. 2009). This satisfies the administrative remedies exhaustion requirement under § 1997e(a). Barry v. Ratelle, 985 F. Supp. 1235, 1237-38 (S.D. Cal. 1997).

Nonexhaustion under § 1997e(a) is an affirmative defense which should be brought by defendant(s) in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12 (b). Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). But a complaint may be dismissed by the court for failure to exhaust if a

prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies." Id. at 1120.  Here, plaintiff concedes he did not exhaust available administrative remedies through the Director's level of review before filing suit, but claims that he need not do so because the damages he seeks are not "attainable" thru CDCR's administrative appeal process.  Not so.  The Supreme Court has made clear that exhaustion is a prerequisite to suit even when the prisoner seeks relief not available in grievance proceedings.  See Booth, 532 U.S. at 741.  Plaintiff did not exhaust available administrative remedies before filing suit or present any extraordinary circumstances which might compel that he be excused from doing so.  Cf. Booth, 532 U.S. at 741 n.6 (courts should not read "futility or other exceptions" into § 1997e(a)).

Accordingly, the complaint is DISMISSED without prejudice to refiling after exhausting CDCR's administrative process.  See McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (action must be dismissed without prejudice unless prisoner exhausted available administrative remedies before he filed suit, even if prisoner fully exhausts while the suit is pending).

The clerk shall enter judgment in accordance with this order and close the file.

SO ORDERED.

DATED:  Aug. 8, 2013

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.13\Easter, D.13-1581.dismissal.wpd

3